

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                SOUTHERN DIVISION

11

12  Juan Heredia Monarrez,          )    Case No. SACV 03-00104-AHM (MLG)
                                     )
13           Petitioner,            )    REPORT AND RECOMMENDATION OF
                                     )    UNITED STATES MAGISTRATE JUDGE
14           v.                      )
                                     )
15  Edward Alameda, Warden, et.     )
    al.,                             )
16                                   )
             Respondents.            )
17  _____ )

18  **I.   Factual and Procedural History**

19       On May 12, 1999, Petitioner Juan Heredia Monarrez was convicted,

20  following a jury trial in Orange County Superior Court, of attempted

21  premeditated murder, street terrorism, and two firearms violations.

22  He was sentenced to a term of life imprisonment to be followed by a

23  term of 13 years.   On November 6, 2001, the California Court of

24  Appeal affirmed the convictions and sentences.   On December 19, 2001,

25  Monarrez filed a Petition for Review in the California Supreme Court,

26  which was denied on January 23, 2002. (Lodgment 3).

27       On February 2, 2003, Monarrez filed this petition for writ of

28  habeas corpus.   The petition raised five grounds for relief.   The

first four grounds for relief challenged certain of the trial court's evidentiary rulings: (1) the trial court wrongly admitted evidence of other criminal acts; (2) the trial court wrongly excluded the victim's medical records; (3) the trial court wrongly admitted expert testimony on gangs and efforts to intimidate witnesses; and (4) the trial court wrongly admitted evidence of Monarrez's tattoo of a man holding a gun.  The final ground for relief asserted that there was insufficient evidence from which a reasonable juror could find that the victim suffered great bodily injury.  All of these claims had been presented to the California Supreme Court.  However, the first four were presented as state evidentiary errors.

On March 12, 2003, Respondent filed a motion to dismiss the petition, alleging that none of these claims were exhausted as they had not been raised as federal Constitutional claims in the state courts.  On May 6, 2003, this Court issued an order finding that grounds one through four were unexhausted because the issues had not been adequately federalized in the application for review presented to the California Supreme Court, but that ground five, the insufficiency of the evidence claim, was fully exhausted.  With the Court's permission, Petitioner then amended the petition to delete grounds one through four.  The Court also granted Petitioner's request to stay proceedings on the single exhausted claim while he exhausted the withdrawn claims in state court. Petitioner filed his first amended petition containing only the insufficiency-of-the-evidence claim on June 4, 2003.

Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court.  That petition contained the same claims that had previously been presented, but included citations to

1   federal constitutional provisions and case law in an attempt to
2   federalize the claims for subsequent habeas review in this court.
3   The California Supreme Court denied the petition for writ of habeas
4   corpus on March 30, 2004, citing *In re Dixon* 41 Cal.2d 756 (1953)
5   (state collateral review precluded when matters in habeas petition
6   could have been, but were not, raised on direct appeal) and *In re*
7   *Waltreus*, 62 Cal.2d 218 (1965) (claims raised on direct appeal cannot
8   be reviewed on habeas).

9        Petitioner then requested leave to amend his petition to include
10  the newly exhausted grounds one through four.  On May 13, 2004, the
11  Court granted Petitioner's motion to incorporate these four
12  additional allegations of error into the June 4, 2003, first amended
13  petition.[1]  On August 12, 2004, Respondent filed another motion to
14  dismiss the petition, claiming: 1) that the petition was now untimely
15  under the one-year statute of limitations contained in the
16  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28
17  U.S.C § 2244(d)(1)(A); 2) that the newly raised claims remained
18  unexhausted; and 3) that the newly raised claims were procedurally
19  barred based on the decision of the California Supreme Court denying
20  the state habeas corpus petition on the basis of *Dixon* and *Waltreus*,
21  which purportedly were independent state procedural grounds.   On
22  October 19, 2004, the Court denied the motion to dismiss in a minute
23  order, finding the limitations argument was frivolous and the
24  procedural default argument did meet the requirements of *Bennett v.*

25

---

26       [1]While the Court granted the motion to amend and "incorporated"
     these newly exhausted claims into the first amended petition, it might
27   have been wiser to order that Petitioner file a second amended petition
     containing all five claims.  Regardless, the petition now before the
28   Court consists of the five claims discussed above.

1 | *Mueller*, 322 F.3d 573, 581-85 (9th Cir. 2001).

2 |     On November 3, 2004, Respondent filed a Motion to Require a
3 | Report and Recommendation on the basis that this court had improperly
4 | decided the dispositive motion to dismiss.  This motion was granted
5 | by District Judge A. Howard Matz on November 8, 2004.  On January 28,
6 | 2005, the Court reevaluated Respondent's motion to dismiss the first
7 | amended petition.  Because of the complexity of the issues presented
8 | by both the limitations and procedural default arguments, the Court
9 | appointed counsel to represent Monarrez and afforded Petitioner the
10 | opportunity to file a supplemental pleading addressing the
11 | limitations and the procedural default issues.  Petitioner's
12 | Supplemental Answer to Motion to Dismiss Petition was filed on May
13 | 27, 2005. Respondent's Reply to Supplemental Answer to Motion to
14 | Dismiss First Amended Petition was filed on June 24, 2005.  The
15 | matter is now ready for decision.

16 |

17 | **II.  Discussion and Analysis**

18 |     **A. The Claims in the Petition are not Barred by the Statute of**
19 | **Limitations**

20 |     Because the present petition was filed after April 24, 1996, it
21 | is governed by the limitations provisions of AEDPA.  AEDPA imposes
22 | a one-year limitations period on federal habeas corpus petitions
23 | ordinarily running from "the date on which the judgment became final
24 | by the conclusion of direct review or the expiration of the time for
25 | seeking such review," 28 U.S.C § 2244(d)(1)(A).

26 |     In this case, the California Supreme Court denied  Monarrez's
27 | Petition for Review on January 23, 2002.   The decision became final
28 | and the limitations period began to run ninety days later, on April

23, 2002.   Thus, Monarrez had until April 22, 2003, to file a § 2254 habeas corpus petition in this Court.   Petitioner filed his original habeas petition on February 2, 2003, well within this time period. On May 6, 2003, the Court granted Petitioner leave to amend his initial habeas petition to delete unexhausted grounds one through four.   Petitioner filed his first amended petition containing only the exhausted claim on June 4, 2003 and the Court stayed proceedings on the single exhausted claim while Petitioner returned to state court to exhaust the other claims.[2]

Respondent contends that the first amended petition, filed June 4, 2003, is untimely, and therefore, must be dismissed.   Respondent apparently bases this contention on the mistaken belief that Petitioner's initial February 2, 2003 habeas petition was dismissed in its entirety.   Respondent asserts that because of the dismissal, the relevant date for evaluating the timeliness of the petition is June 4, 2003, when Petitioner filed the first amended petition, by which time the limitations period had already expired.

In fact, Petitioner's initial habeas petition was amended to delete grounds one through four and the Court granted Petitioner's request to stay proceedings while he exhausted the dismissed grounds in state court.   Because the initial habeas petition was amended and stayed, and not dismissed, it remained pending in this court.   The only question is whether the amended claims ordered filed on May 13, 2004, "relate back" to the initial timely pleading under Fed. R. Civ. P. 15(c)(2).

---

[2] This procedure was used in accordance with the decision in *Ford v. Hubbard*, 305 F.3d 875, 878 (2002), rev'd in part *Pliler v. Ford*, 542 U.S. 225 (2004).

1    Under Rule 15, amendments to a pleading relate back to the
2 filing date of the original pleading when both the original pleading
3 and the amendment arise out of the same "conduct, transaction, or
4 occurrence." Fed. R. Civ. P. 15(c)(2). The Federal Rules of Civil
5 Procedure apply to this case because habeas petitions may be amended
6 "as provided in the rules of procedure applicable to civil actions."
7 28 U.S.C. § 2242.

8    The United States Supreme Court recently held that "[s]o long
9 as the original and amended petitions state claims that are tied to
10 a common core of operative facts, relation back will be in order."
11 *Mayle v. Felix*, 125 S.Ct. 2562, 2574 (2005).  In *Mayle*, the Supreme
12 Court rejected a more expansive definition of "same conduct
13 transaction, or occurrence," that would have allowed an amended
14 petition to qualify for relation back when both the original petition
15 and the amended petition arose from the same trial and conviction.[3]
16 125 S.Ct. at 2566. While the Supreme Court rejected this broader
17 reading of Rule 15, it retained an interpretation of Rule 15 that
18 permits the amended petition in this case to relate back.  Here, the
19 claims in the first amended petition are *identical* to the claims in
20 the original petition, only now federalized by citation to federal
21 case law, and thus are "tied to a common core of operative facts."
22 125 S.Ct. at 2574.  Under *Mayle* and Rule 15(c), Petitioner's amended
23 petition relates back to the initial February 2, 2003 habeas petition
24 and is therefore not barred by AEDPA's one-year limitations period.
25 //
26 //

27
28    [3]That more expansive reading was articulated by the Ninth Circuit
in *Felix v. Mayle*, 379 F.3d 612, 614 (2004).

**B. <u>Petitioner Has Exhausted His Claims in the State Courts</u>**

Respondent continues to argue, that despite Petitioner's return to the state court for the purpose of federalizing his claims, Petitioner has still not exhausted claims one through four. Respondent claims that Petitioner simply "bootstrapped to each claim a general conclusion that any error in admission of evidence violates due process." (Respondent's Reply to Supplemental Answer to Motion to Dismiss, 3 (filed June 24, 2005)). Respondent asserts that this was insufficient to fairly present his federal claims to the California Supreme Court.

Under AEDPA, a federal habeas petitioner must exhaust his claims in state court before coming to federal court. *See* 28 U.S.C. § 2254(b)(1)(A). The exhaustion doctrine requires a petitioner to provide the state courts with one full opportunity to rule on his federal habeas claims before presenting those claims to the federal courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Insyxiengmay v. Morgan*, 403 F.3d 657, 667 (9th Cir. 2005). A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66, *Insyxiengmay*, 403 F.3d at 668. The petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal constitution or statutes, or by citing to federal case law. *Insyxiengmay*, 403 F.3d at 668. The Ninth Circuit recently noted, "While the Petitioner must refer to federal law in state court explicitly, exhaustion is satisfied once the Petitioner makes that explicit reference even if Petitioner relies predominantly on state law before the state courts." *Id.*

1    In this case, the Court finds that the Petitioner sufficiently
2  federalized, and therefore exhausted, his claims in his last
3  presentation to the state supreme court. In raising these four claims
4  in his habeas corpus petition in the California Supreme Court,
5  Petitioner made the "explicit reference" to federal law that
6  *Insyxiengmay* requires.   Although he relied predominantly on state
7  law, he also explicitly stated that his federal constitutional rights
8  to due process and equal protection were violated, citing the Fifth,
9  Sixth and Fourteenth Amendments and also cited several federal cases
10  in support of each of his claims.

11    There is no doubt that the assertions of due process and equal
12  protection violations made by Petitioner are somewhat general, that
13  his federal case law citations may be inapposite, and that the merits
14  of his claims might not even rise to the level of Constitutional
15  violations.   However, it is this court's opinion that this *pro se*
16  petitioner cited enough arguably relevant federal law to meet the
17  "explicit reference" standard articulated by *Insyxiengmay*. 403 F.3d
18  at 668.   To find otherwise would violate the well established rule
19  that *pro se* pleadings are held to a less stringent standard than
20  those drafted by a lawyer[4] and would impose almost insurmountable
21  burdens upon *pro se* habeas petitioners who are frequently totally
22  uneducated, much less educated in the fine art of legal analysis.
23  There can be no doubt that the presentation made by Petitioner in the
24  California Supreme Court, while lacking in legal exactitude, placed
25  the California Supreme Court on notice of the federal nature of the
26  claims being made.   Thus, the Court finds that Petitioner adequately

---

27
28      [4]  *Haines v. Kerner*, 404 U.S. 519, 520, 30 L.Ed.2d 652, 654
(1972)(per curiam).

8

1   federalized claims one through four before the California Supreme
2   Court in his petition for writ of habeas corpus. Respondent's motion
3   to dismiss on exhaustion grounds should be denied.

4   **C. The Procedural Bar Claim**

5        As noted earlier, on March 30, 2004, the California Supreme
6   Court denied Petitioner's writ of habeas corpus citing to *In re Dixon*
7   41 Cal.2d 756 (1953) (state collateral review precluded when matters
8   in habeas petition could have been, but were not, raised on direct
9   appeal) and *In re Waltreus*, 62 Cal.2d 218 (1965) (claims raised on
10  direct appeal cannot be reviewed on habeas corpus). At issue in this
11  case is whether these procedural rules bar federal habeas corpus
12  review.

13       A federal court will not review questions of federal law when
14  the state court denied relief on the basis of an independent and
15  adequate state procedural ground. *Coleman v. Thompson*, 501 U.S. 722,
16  731-32 (1991). A state procedural rule is independent if the state
17  law basis for the decision is not interwoven with federal law.
18  *LaCrosse v. Kernan*, 244 F.3d 702, 705 (9th Cir. 2001). To be
19  adequate, the state procedural ground must be "clear, consistently
20  applied, and well-established at the time of the Petitioner's
21  purported default." *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir.
22  2005) (quoting *Wells v. Masse*, 28 F.3d 1005, 1010 (9th Cir. 1994)).
23  A federal court "should not insist upon a Petitioner, as a procedural
24  prerequisite to obtaining federal relief, complying with a rule the
25  state itself does not consistently enforce." *Morales v. Calderon*, 85
26  F.3d 1387, 1392 (9th Cir. 1996)(quoting *Siripongs v. Calderon*, 35
27  F.3d 1308, 1318 (9th Cir. 1994)). Procedural default is an
28  affirmative defense and the state bears the ultimate burden of proof.

1 | *Bennettt v. Mueller*, 322 F.3d 573, 596 (9th Cir. 2003).

2 Neither party contests the independence of the *Dixon* bar in this
3 case. With respect to the *Waltreus* bar, the Respondent concedes that
4 *Waltreus* does not preclude federal habeas review, based upon the
5 decisions in *Ylst v. Nunnemaker*, 501 U.S. 797, 801, 805 (1991) and
6 *Calderon v. District Court (Bean)*, 96 F.3d 1126, 1131 (9th Cir.
7 1996). Respondent does contend, however, that the *Dixon* bar is
8 adequate to preclude federal review.

9 Under *Bennett v. Mueller*, 322 F.3d at 596, Respondent bears the
10 ultimate burden of proving the affirmative defense that the claimed
11 procedural bar is adequate. This is because it is the state, not the
12 Petitioner, "who has at its hands the records and authorities to
13 prove whether its courts have regularly and consistently applied the
14 procedural bar." *Id.* at 585. The petitioner, however, bears an
15 interim burden to place the defense "in issue" after the state has
16 adequately pled the existence of an independent and adequate state
17 procedural ground as an affirmative defense. *Bennett*, 322 F.3d at
18 584. The petitioner may satisfy this burden by "asserting specific
19 factual allegations that demonstrate the inadequacy of the state
20 procedure, including citation to authority demonstrating inconsistent
21 application of the rule." *Id.* at 586. In meeting this burden, the
22 Ninth Circuit has specifically held that unpublished decisions are
23 relevant to a determination of a state court's actual practice and
24 are properly considered in determining the adequacy of the asserted
25 bar. *Powell v. Lambert*, 357 F.3d 871, 879 (9th Cir. 2004).[5]

26

27 | [5] Respondent's claim that *Powell* is wrongly decided is fruitless.
28 This Court is bound to follow the precedent established by the Ninth Circuit.

1      Respondent has adequately pled the existence of an independent
2  and adequate state procedural ground as an affirmative defense.
3  Therefore, the remaining two issues involve the questions of whether
4  the Petitioner has met his interim burden to place the defense "in
5  issue," and, if so, whether the Respondent has met his ultimate
6  burden of proving the adequacy of the *Dixon* procedural bar.

7      The burden on Petitioner to place the defense in issue is quite
8  modest.   The Petitioner need only "assert" allegations; he does not
9  need to prove anything. *Bennett*, 322 F.3d at 585-86; *Dennis v. Brown*,
10  361 F.Supp.2d 1124, 1130 (N.D.Cal. 2005). As the court in *Dennis*
11  noted, in the legal context, "plead," "assert," and "allege" are
12  synonyms according to Black's Law Dictionary.  Thus, "Petitioner may
13  satisfy his burden if he pleads inadequacy with particularity."
14  *Dennis*, 361 F.Supp.2d at 1130.

15      The relevant time for determining whether a states procedural
16  rule was regularly followed is at the time of the purported default.
17  *Calderon v. Bean*, 96 F.3d 1130 (9th Cir. 1996).   In this case, where
18  a *Dixon* bar is asserted, the time of the purported default would be
19  at the time of the filing of the direct appeal, which was in January
20  2000. *Fields v. Calderon*, 125 F.3d 757, 760-61 (9th Cir. 1997).   In
21  order to demonstrate that the *Dixon* bar was not regularly followed,
22  Petitioner has directed the Court's attention to the published and
23  unpublished portions of an intermediate California appellate court
24  decision, *In re Rodney*, 73 Cal.App.4th 36 (1999), where, the
25  Petitioner argues, the appellate court reached the merits of the
26  claims presented on habeas review and failed to apply the *Dixon* bar,
27  despite the fact that the claims could have been raised on direct
28  appeal.   Petitioner also directs the court's attention to his own

survey of 210 non-capital habeas corpus petitions decided on December 21, 1999, just a month before the date of the purported default, showing inconsistent application of the *Dixon* rule by the California Supreme Court in that the *Dixon* bar was applied in only 19 cases, less than 10 per cent of those decided. By "asserting specific factual allegations" of inadequacy, Petitioner has met his modest obligation under *Bennett* "to place [Respondent's] defense in issue." *Bennett*, 322 F.3d at 586.

Under *Bennett*, the burden then shifts to the Respondent: "[B]ecause it is the State who seeks dismissal based on the procedural bar, it is the State who must bear the burden of demonstrating that the bar is applicable." *Bennett*, 322 F.3d at 586. This means that Respondent must demonstrate that the "state procedural rule has been regularly and consistently applied in habeas actions." *Id.*

There is no Ninth Circuit precedent illustrating for lower courts what it means for a Respondent to meet this ultimate burden under *Bennett*. Indeed, there is no Ninth Circuit precedent revealing what it means for a Petitioner to meet his interim burden of placing the defense "in issue", although the Ninth Circuit's decision to place the ultimate burden of proof on the State because it is the State that "has at its hands the records and authorities to prove whether its courts have regularly and consistently applied the procedural bar" indicates that Petitioner's interim burden is intended to be quite low. *Id.* at 585.

Here, the Respondent did nothing to affirmatively demonstrate the adequacy of the *Dixon* rule. The Respondent's brief is filled merely with speculation as to why the *Dixon* bar was not applied in

1  the cases marshaled by the Petitioner. Respondent presents no
2  affirmative evidence to meet his burden of showing that the *Dixon* bar
3  has been regularly and consistently applied in California courts.
4  Indeed, the Respondent cites footnoted dicta from a United States
5  Supreme Court opinion to argue that the occasional irregularity and
6  inconsistency arguably shown by the Petitioner is not statistically
7  significant enough to undercut the adequacy of the California rule.[6]

8       However, there is no binding case law defining what is a
9  statistically insignificant irregularity and inconsistency in the
10 application of a state procedural bar. Furthermore, Respondent's
11 speculation as to why the bar was not applied in the cases cited by
12 the Petitioner is inadequate to provide this Court with a reliable
13 statistical understanding even if some aberration is acceptable. As
14 the Ninth Circuit has placed "the ultimate burden of proving the
15 adequacy of the California state bar [] upon the State of
16 California," this showing by the Respondent, lacking any affirmative
17 evidence that the *Dixon* rule is regularly and consistently applied,
18 is simply insufficient.[7] *Bennett*, 322 F.3d at 585. Thus, the
19 Respondent's contention that the *Dixon* bar precludes review in this
20 case is rejected because the Respondent did not meet his burden under
21 *Bennett* of proving the adequacy of the claimed procedural bar.
22 //
23 //
24 //
25
26      [6] *Dugger v. Adams*, 489 U.S. 401, 410-12 n.6. (1989).

27      [7] This is not to say that the *Dixon* bar could not be shown to be
   adequate for procedural default purposes. It simply has not been done
28 in this case.

## III. **Conclusion**

For the reasons stated, it is respectfully recommended that the Court accept and adopt the findings and recommendations herein and DENY the Respondent's motion to dismiss.

Dated: September 21, 2005

Marc L. Goldman
United States Magistrate Judge

14